Chief Judge Desmond (dissenting).
By this decision we abruptly abandon a policy solemnly proclaimed and many times enforced by us: that indigent defendants must be given the same right of appeal as those with financial means. 1 ‘ The right to appeal is assured to all defendants, rich and poor alike, by section 517 of the Code of Criminal Procedure and, since this statutory right to appeal does not depend upon the existence of meritorious points, an appellate court may not insist upon an indigent defendant showing substantial merit before entertaining his appeal. What our statute gives, a court may not take away or severely limit. The right to appeal requires a review of the merits upon appeal and is not satisfied by a mere consideration of those merits upon a submission of affidavits on an application for leave to have the appeal heard on the original papers” (People v. Borum, 8 N Y 2d 177, 178-179). In a number of other very recent cases (see, for instance, People v. Wolochen, 8 N Y 2d 1044; People v. Bartone, 8 N Y 2d 1072; People v. Garcia, 8 N Y 2d 1143; People v. Robertson, 8 N Y 2d 1149; People v. Fish, 9 N Y 2d 695 [Feb. 23, 1961]), we have reinstated appeals where the Appellate Division had dismissed them and refused “poor person” relief on the ground of lack of merit to the appeal. Now we ourselves are doing what we have repeatedly said it is wrong for the Appellate Division to do.
The simple basic rule is this: “ Once the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty. * * * This principle is no less applicable where the State has afforded an indigent defendant access to the first phase of its appellate procedure but has effectively foreclosed access to the second phase of that procedure solely because of his indigency. * * * The imposition by the State of financial barriers restricting the availability of appellate review for indigent criminal defendants has no place in our heritage of Equal Justice Under Law ” (Burns v. Ohio, 360 U. S. 252, 257-258).
*356 The order should be reversed and the case remitted to the Appellate Division for appropriate proceedings on appellant’s appeal to that court.
Judges Froessel, Van Voorhis, Burke and Foster concur with Judge Dye; Chief Judge Desmond dissents in an opinion in which Judge Fuld concurs.
Order affirmed.